IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AMY F. MEDLEY                                                                                       PLAINTIFF

vs.                                              Civil No. 3:14-cv-03016

CAROLYN W. COLVIN                                                                            DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Amy F. Medley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

The Court previously remanded this action. *See Medley v. SSA,* 3:11-cv-03121 (W.D. Ark. Feb. 19, 2013). The memorandum opinion in that case contained the procedural history of this action, but the Court will briefly restate the facts here. Plaintiff filed her disability application on January 13, 2010. (Tr. 119-122). In her application, Plaintiff alleges being disabled due to the following:

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

> Depression, Fibromyalgia, back problems, wrist problems Broken wrist had surgery on right can not hold on to objects with right hand that weigh more than a can of soda. Have had serious depression for the last several years periods of time when i [I] am unable to get out of bed or take care of my children alone. Have had back problems for years. Doctors discovered heart murmur. The fibromyalgia which causes constant pain. Wrist injury depression fibromyalgia.

(Tr. 147). Plaintiff alleges she is limited in the following ways due to her impairments:

> Can not carry or lift objects with the right hand. Can not stay in the same position for over 15 mins at a time. Have trouble remembering and concentrating for extended periods of time.

*Id.* Plaintiff alleges an onset date of September 4, 2000. (Tr. 9, 119). This application was denied initially and again upon reconsideration. (Tr. 65-66). Thereafter, Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 20-62)

On March 17, 2011, the ALJ held an administrative hearing on Plaintiff's application in Fort Smith, Arkansas. (Tr. 20-62). After this hearing, on April 12, 2011, the ALJ entered an unfavorable decision denying Plaintiff's SSI application. (Tr. 6-19). Plaintiff then appealed that unfavorable decision to the undersigned. *See Medley v. SSA,* 3:11-cv-03121 (W.D. Ark. Feb. 19, 2013). After reviewing the ALJ's disability determination, the Court reversed and remanded Plaintiff's case to afford the ALJ the opportunity to further consider *Polaski*.

After this case was remanded, the ALJ held a second administrative hearing on September 19, 2013. (Tr. 400-441). During this administrative hearing, Plaintiff was present and was represented by counsel, Frederick S. Spencer. *Id.* Plaintiff, Vocational Expert ("VE") Sara Moore, and two witnesses for Plaintiff testified at this hearing. *Id.* During this hearing, Plaintiff testified she was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). (Tr. 403). As for her education, Plaintiff testified she had obtained her GED and completed a few college courses. *Id.*

After this second administrative hearing, on December 13, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 381-394). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 12, 2010, her application date. (Tr. 386, Finding 1). The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, the residual effects of a broken right wrist, a mood disorder, anxiety, and a personality disorder. (Tr. 386, Finding 2). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 386-388, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 388-393). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that she can occasionally climb, balance, crawl, kneel, stoop, and crouch. She can engage in occasional rapid and repetitive flexion and extension of her dominant wrist. Nonexertionally, the claimant can perform simple, routine and repetitive tasks in a setting where interpersonal contact is incidental to the work performed and can work under supervision that is simple, direct and concrete.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW she could perform. (Tr. 393, Finding 5). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 393-

394, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.* Considering Plaintiff's age, education, work experience, and RFC, the VE testified such an individual retained the capacity to perform the following sedentary, unskilled occupations: (1) machine tender with a sample job in this category having 14,100 jobs nationwide and 166 jobs statewide; (2) assembler with a sample job in this category having 17,760 jobs nationwide and 215 jobs statewide; and (3) clerical worker with a sample job in this category having 38,260 jobs nationwide and 300 jobs statewide. *Id.* Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from January 12, 2010 through the date of his decision or through December 13, 2013. (Tr. 394, Finding 10).

Thereafter, on February 18, 2014, Plaintiff filed her present appeal in this action. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 19, 2014. ECF No. 5. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the

record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ failed to follow this Court's remand order and failed to comply with the requirements of *Polaski*; and (2) the ALJ erred by finding her back impairment was non-severe. ECF No. 10 at 1-14. Upon remand, the Court finds the ALJ wholly failed to comply with the Court's remand order. Accordingly, the Court will only address Plaintiff's first argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. (Tr. 388-393). This is despite the fact the Court *specifically advised* the ALJ of the evaluation *Polaski* requires. Instead of complying with its requirements, the ALJ did what is prohibited by *Polaski* and discounted Plaintiff's subjective complaints based upon her medical records alone. Indeed, after evaluating Plaintiff's medical records, the ALJ discounted her subjective complaints because they were not supported by her objective medical records:

> After carefully considering the entire record in this matter, including the testimony of the claimant, I conclude that the claimant retains the residual functional capacity to perform a range of sedentary unskilled work. *As discussed more fully above, the residual functional capacity assessment is supported by the medical evidence as a*

> *whole and specifically, the significant weight given to the opinions of Drs. Brownfield and Efird.*

(Tr. 393) (emphasis added).

Indeed, although the ALJ stated his RFC assessment was also supported by Plaintiff's "testimony," the ALJ does not provide any specific testimony that supports his RFC assessment. Even according to the ALJ's own opinion, Plaintiff testified that due to her wrist pain she "cannot hold on to anything with her right hand without dropping it and muscle spasms interfere with her ability to stand and to sleep." (Tr. 389). Such testimony is certainly not consistent with the ALJ's RFC assessment that Plaintiff "can engage in occasional rapid and repetitive flexion and extension of her dominant [right] wrist." (Tr. 388). Thus, even though the ALJ claims he relied upon Plaintiff's testimony when evaluating her subjective complaints, the ALJ truly based his credibility determination on Plaintiff's medical records alone.

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints because they were not supported by her medical records was entirely improper under *Polaski*. See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). *Polaski* prohibits this exact practice of evaluating a claimant's RFC based upon the medical evidence alone. Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of June 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.